*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-074

JULY TERM, 2015

| | |
|---|---|
| In re Craig Yandow | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 991-9-14 Cncv |
| | |
| | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from a superior court order dismissing his petition for post-conviction relief as successive. We affirm.

The facts may be briefly summarized. In March 1997, petitioner pled guilty pursuant to a plea agreement to one count of aggravated sexual assault, and admitted a violation of probation. He was sentenced to a term of twenty to thirty-eight years to serve. He was represented by counsel throughout the proceedings.

In July 2013, petitioner filed a pro se complaint for habeas corpus. The trial court treated the complaint as a petition for post-conviction relief, and interpreted it to raise three principal claims: (1) insufficient evidence that petitioner committed the assault based on a DNA analysis that did not conclusively identify petitioner as a match to a sperm sample taken from the victim; (2) insufficient evidence of serious bodily injury; and (3) invalidity of the violation-of-probation. The State moved for summary judgment, and in August 2014, the trial court issued a written decision on the merits in favor of the State, concluding that petitioner was not entitled to relief on any of the grounds raised in the petition.

Shortly thereafter, in September 2014, petitioner filed a pro se petition for post-conviction relief, claiming that he was sentenced on the basis of perjured testimony by the victim and the prosecutor, and also questioning the identity of the person who testified as the victim at sentencing. The State moved to dismiss the petition on the basis that it was a successive pleading and abuse of the writ, asserting that petitioner's claims could have been raised in the earlier pleading. Petitioner opposed the motion on the ground that he was raising different claims and seeking different relief.

In December 2014, the trial court issued a written decision, granting the State's motion. The court found that the claims could have been raised in the earlier case; that petitioner had provided no good cause for his failure to raise them earlier, although it was apparent he was aware of the allegedly false testimony and the issue concerning the victim's identity at the time of sentencing; and that he had not shown how he was prejudiced by the alleged improprieties. Accordingly, the court dismissed the petition. This pro se appeal followed.

Although petitioner does not specifically address the trial court's ruling or raise any specific claim of error, we have reviewed the decision and find no basis to disturb the judgment. As the trial court here correctly observed, an inmate may not bring a second PCR based on different grounds when he or she could have raised those grounds in the earlier PCR, but failed to do so. In re Laws, 2007 VT 54, ¶¶ 18-23, 182 Vt. 66. For purposes of analysis, furthermore, there is no distinction between an earlier PCR and a complaint for habeas corpus. Id. ¶ 4 n.1. Thus, where—as here—the State identifies the petitioner's prior writ history and alleges abuse of the writ, the burden to disprove abuse becomes the petitioner's by showing good cause for failure to raise the claims in the earlier proceeding, as well as actual prejudice from the alleged errors. Id. ¶ 22. As the trial court here also correctly concluded, the State met its burden by demonstrating with particularity the earlier claims raised, and petitioner failed to meet his, having made no showing of good cause for failure to raise the claims earlier, nor any showing of prejudice from the alleged errors. Accordingly, we discern no basis to disturb the judgment.

Affirmed.


BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice